UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSETTE M. TRICE, an individual, on behalf
of herself and all others similarly situated,

Plaintiff,

v.                                                                          CASE NO: 8:08-CV-1943-T-27MAP

THE FITZGERALD LAW FIRM, P.C., et al.,

Defendants.
_____/

## PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 37) and their submission of a proposed Preliminary Approval Order and a proposed Notice of Class Action in response to this Court's Order (Dkt. 38). The parties request preliminary approval of the Class Action Settlement Agreement dated March 19, 2009 (the "Agreement") and the form of notice to be sent to the Class Members, which are attached as exhibits to the joint motion. Upon consideration, it is ORDERED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Agreement (Dkt. 37).

2. <u>Preliminary Approval</u>. The Court preliminarily approves the Settlement of the Action set forth in the Agreement as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: (1) based on Defendants' representations of its net worth, settlement of this case for a recovery to the Class Members of $11,250.00, to be divided on a pro rata basis among those Class Members who timely submit claim forms, constitutes more than the maximum available statutory damages recovery to a class under the Fair Debt Collection Practices Act and is, therefore,

fair and reasonable; (2) separate payment to the Class Representative, Josette M. Trice, of $1,000.00 is fair and reasonable; and (3) a separate payment to Class Counsel of fees and costs of $15,000.00 at the time the Final Approval Order is entered, as agreed to by the Parties, which is not taken from any recovery to the Class Members is fair and reasonable for the services provided by Class Counsel in this case and continuing until all questions of the Class Members have been answered and a Final Approval Order is entered.

To the extent that there are any funds from uncashed, expired settlement checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed to Bay Area Legal Services, Inc., Tampa, Florida.

If the Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

Upon consideration, the Court certifies the following class for the purpose of settlement:

> All consumers who, according to the records of Defendants (i) had addresses in the State of Florida, (ii) to whom letters in the same form as Exhibit "A" attached to the Amended Complaint in the Action were sent, (iii) in an attempt to collect a debt which according to the nature of the creditor or the debt, or the records of the creditor or the Defendants was incurred for personal, family, or household purposes, (iv) on or about June 3, 2008.

Upon consideration, the Court appoints the following Class Counsel for the purpose of settlement:

>Robert W. Murphy, Esq.
>1212 SE 2nd Ave.
>Ft. Lauderdale, FL 33316

3. <u>Fairness Hearing</u>. A Fairness Hearing will be held on **<u>August 20, 2009 at 3:00 p.m.</u>**, at which the Court will determine whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether a Final Order of Dismissal with Prejudice should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

4. <u>Form and Content of Notice</u>. The Court approves, as to form and content, for distribution to potential Class Members, the Notice of Class Action and Proposed Settlement of Class Action (the "Notice"), which is attached as Exhibit "A" to this Preliminary Approval Order.

5. <u>Mailed Notice</u>. Defendants' counsel must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable without manual reentry by no later than **<u>May 22, 2009</u>**. The Settlement Administrator shall mail the Notice by first class mail to Class Members at their last known address provided in Defendants' records by no later than **<u>June 8, 2009</u>**. The Settlement Administrator shall have filed with the Court and served upon Class Counsel no later than 5 business days before the Fairness Hearing an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

6. <u>Best Practicable Notice</u>. The Court finds that dissemination of the Notice in the manner described herein is reasonable and constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States

Constitution, and any other applicable law. No further notices to the Class Members are required.

7. <u>Requests for Exclusion</u>. Any Class Members may seek to be excluded from the Settlement. Any Class Members so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and must be postmarked no later than **July 24, 2009**. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form attached to the Notice or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TRICE v. THE FITZGERALD LAW FIRM." The request for exclusion must also contain the excluded Class Member's name and address, and the request must be signed by that Class Member or, if other than a natural person, by an authorized representative of the Class Member. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than 10 business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion no later than 5 business days before the Fairness Hearing.

8. <u>Objections</u>. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and serves upon designated Class Counsel and Defendants' Counsel a written notice of objection no later than **August 6, 2009**. Any Class Member who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendants' Counsel with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior

to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and served shall be stated in detail in the Notice. Only Class Members who have filed and served valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

9. <u>Defendant's Denial of Liability</u>. The Court notes that Defendants deny any liability to Plaintiff or to the Class Members for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have been asserted or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

10. <u>Stay of Discovery and Litigation</u>. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. <u>Injunction</u>. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Agreement is terminated.

12. <u>Extension of Deadlines</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.

13. <u>Deadline for Opt-Outs</u>. To be legally effective, all requests for exclusion described in paragraph 7, above, must be postmarked on or before **July 24, 2009**. All Change of Address forms must be postmarked by the same date.

14. <u>Deadline for Objections</u>. Class Member Objections, as described in paragraph 8 above, must be served upon Class Counsel and Defendants' Counsel and filed with the Court, as directed in the Notice, on or before **August 6, 2009**. Objections not filed and served in a timely manner shall be deemed waived.

15. <u>Deadline for Submitting Claim Forms</u>. Class Members who wish to receive a pro rata share of the settlement payment to the Class Fund in accordance with the Agreement must complete the claim form attached to the Notice and send it to the Settlement Administrator, postmarked on or before **July 24, 2009**.

DONE AND ORDERED in chambers this 11th day of May, 2009.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
counsel of record